O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3371 AHM (JCGx) | Date | March 16, 2012 |
|---|---|---|---|
| Title | MATTHEW C. ROBERTS v. FIRST FRANKLIN, N.A., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

Before the Court is Plaintiff Matthew C. Roberts's request to reopen this case.[1] For the following reasons, Plaintiff's request is DENIED.

## I.     BACKGROUND

Plaintiff Roberts filed this case on April 20, 2011, against Defendants First Franklin NA, Select Portfolio Servicing Inc., and U.S. Bank NA on the basis of diversity jurisdiction. Compl. ¶¶ 11, 12. Plaintiff's Original Complaint raised six state-law claims against Defendants related to Defendants' actions in foreclosing on Plaintiff's home.

Defendants moved to dismiss Plaintiff's Complaint, Dkt. 3, and Plaintiff failed to oppose that motion. As a result, the Court dismissed Plaintiff's Original Complaint without prejudice and sanctioned Plaintiff's attorney, Curtis A. Westfall, for failing to file an opposition. Dkts. 7, 8.

On August 18, 2011, Plaintiff filed a First Amended Complaint. That complaint raised five claims against Defendants under state law. Some of these claims were present in Plaintiff's Original Complaint and some of these claims were new.

Defendants moved to dismiss the First Amended Complaint, Dkt. 10, and Plaintiff again failed to respond to Defendants' motion. At the hearing on Defendants' motion, the Court noted that the motion was meritorious, but questioned Plaintiff as to why he

---

[1] Dkt. 23.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3371 AHM (JCGx) | Date | March 16, 2012 |
|---|---|---|---|
| Title | MATTHEW C. ROBERTS v. FIRST FRANKLIN, N.A., et al. | | |

failed to file an opposition. Tr. of Hearing at 3, Oct. 3, 2011. Plaintiff appeared without his attorney and his statements to the Court indicated that his attorney had, in effect, abandoned him. Tr. of Hearing at 3–6. Given this "unusual and compelling circumstance," the Court granted Plaintiff an additional opportunity to amend his complaint. Tr. of Hearing at 10. The Court directed Plaintiff to the Central District's *Pro Se* clinic for further assistance. Tr. of Hearing at 13. In addition, Court again sanctioned Plaintiff's attorney. Dkts. 13, 16.

Finally, at the hearing, the Court informed Plaintiff that his Second Amended Complaint would be his final opportunity to amend his case "because [Plaintiff] will have had ample opportunity to try to come up with a lawsuit that [he] would be entitled to pursue." Tr. of Hearing at 17.

Plaintiff filed a Second Amended Complaint on October 25, 2011, which asserted three claims under state law for (1) unjust enrichment, (2) false assertion of ownership, and (3) declaratory relief. Two days later, on October 27, 2011, the Court ordered Plaintiff Roberts to show cause, by no later than November 10, 2011, why this case should not be dismissed for lack of subject-matter jurisdiction. Dkt. 18. The Court noted the probable lack of diversity jurisdiction given that (1) Plaintiff is a citizen of California and (2) Plaintiff's complaint alleges that First Franklin's principal place of business—and therefore its citizenship—is California. In addition, the Court found that it lacked federal question jurisdiction because Plaintiff's complaints do not raise any federal claims. Plaintiff did not respond by the deadline. Accordingly the Court dismissed this case for lack of jurisdiction on November 21, 2011. Dkt. 19.

After the Court dismissed this case, Plaintiff filed the present request to reopen the case on December 7, 2011. Dkt. 23. In his request, Plaintiff states that he never received notice of the Court's October 27, 2011, Order to Show Cause. Without reopening the case, the Court gave Plaintiff an opportunity to respond to the October 27, 2011, Order to Show Cause.

In Plaintiff's response, he alleges that complete diversity exists because First

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3371 AHM (JCGx) | Date | March 16, 2012 |
|---|---|---|---|
| Title | MATTHEW C. ROBERTS v. FIRST FRANKLIN, N.A., et al. | | |

Franklin is actually a citizen of Delaware, not California.[2] Dkt. 24. Plaintiff also indicates that he would like to add federal claims to this case. The Court subsequently ordered Defendants to file a report, with supporting evidence, that would set forth the citizenship of the Defendants. Dkt. 25.

## II. ANALYSIS

Defendants' report shows that First Franklin is indeed a citizen of California because its principal place of business is in California. Dkt. 26. This conclusion is supported by the fact that Plaintiff has consistently alleged that First Franklin's principal place of business is in California. Accordingly, the Court finds that it lacks diversity jurisdiction over this case.

With respect to federal question jurisdiction, the Court denies Plaintiff's request to amend his pleadings to add federal claims. Plaintiff has had three opportunities to craft a complaint that he would be entitled to pursue. In addition, the Court explained to Plaintiff at the October 3, 2011, hearing, that it would not give him an additional opportunity to amend. In any event, Plaintiff may pursue his state law claims in state court.

Because the Court lacks subject-matter jurisdiction over this case, Plaintiff's request to reopen the case is DENIED.

No hearing is required. Fed. R. Civ. P. 78; Local Rule 7-15.

|  | : |
|---|---|
| Initials of Preparer | SMO |

---

[2] Plaintiff's response refers to First Franklin as First Franklin Mortgage Pass-Through Certificates, Series 2005-FF9 ("FFM"). It is not clear whether FFM is the same entity as First Franklin NA. But, given that Plaintiff's complaint is against First Franklin NA, the Court will assume that Plaintiff's reference is, in fact, to First Franklin NA. *See* S.A.C. ¶ 2.